This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                **NO. 34,338**

**JOSE OROZCO-LUJAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant Jose Orozco-Lujan (Defendant) appeals from the district court's denial of his motion to suppress evidence. [RP 191–92; DS 2] Following the district

court's denial of Defendant's motion, Defendant entered a conditional guilty plea to distribution of marijuana or synthetic cannabinoids. [RP 196, 200–02; DS 2] In this Court's second notice of proposed disposition, we proposed to affirm the denial of Defendant's motion to suppress and his conviction. [CN 1, 6–7] Defendant filed a memorandum in opposition, which we have given due consideration. Remaining unpersuaded, we affirm.

{2}     Defendant asserts in his memorandum in opposition that his conviction must be reversed, because there was no testimony regarding whether the trained dog alerted differently to a controlled substance than to a concealed person. [MIO 2–3] Thus, Defendant argues, the fact that the dog alerted first to Defendant's vehicle, then to his seat lacks "any meaningful evidentiary value[.]" [MIO 2–3] Defendant does not explain how a lack of specificity about the type of contraband indicated by the dog affects reasonable suspicion or why further detention based on the dog sniff was unreasonable. We therefore conclude Defendant has failed to point out any actual errors in fact or in law with this Court's notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Accordingly, for the reasons set forth in our notice of proposed disposition and

herein, we affirm Defendant's conviction.

{4}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**